Jill N. Waskey
Plaintiff in Propria Persona
1319 Eagles Nest Rd,
Waynesville, NC 28786
email:
phone number: (681) 231-3469

FILED
ASHEVILLE, N.C.
JUL 22 2021
U.S. DISTRICT COURT
W. DIST. OF N.C.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH CAROLINA

JILL N. WASKEY

    PLAINTIFF

v.

CASE NO. 1:21-cv-189

MONICA H. LESLIE AND FAMILY COURT OF HAYWARD COUNTY, NORTH CAROLINA

    DEFENDANT

_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## UNDER AMERICANS WITH DISABILITIES ACT

Plaintiff Jill N. Waskey sues the defendant MONICA H. LESLIE AND FAMILY COURT OF HAYWARD COUNTY, NORTH CAROLINA for declaratory and injunctive relief under Title II of the Americans with Disabilities Act and alleges the following:

### JURISDICTION AND VENUE

The plaintiff Jill N. Waskey brings this action to enforce Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12131-12134, against the defendant MONICA H. LESLIE AND FAMILY COURT OF HAYWARD COUNTY, NORTH CAROLINA.

Defendant is a public accommodation subject to the provisions of Title II of the Americans with Disabilities Act of 1990 and as amended in 2008.

This Court has jurisdiction over this action under 42 U.S.C. §§12131-12134 and 28 U.S.C. §§1331 and 1345. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 and authority to grant equitable relief, monetary damages, and civil penalties under 42 U.S.C. §§12131-12134.

-1-

Venue is proper in the District of North Carolina pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

Plaintiff Jill N. Waskey resides Orlando, North Carolina and is a qualified individual with a disability within the meaning of Title II of the ADA. The plaintiff has a physical or mental disability or impairment that substantially limits one or more major life activities set forth in 28 CFR 35.104.

Defendant MONICA H. LESLIE AND FAMILY COURT OF HAYWARD COUNTY, NORTH CAROLINA is a public entity that employs fifty or more persons with its physical place of business in Haywood County North Carolina. Defendant has control over and is responsible for operations at this public accommodation.

## PLAIN STATEMENT

The plaintiff is a single mother and after attending a hearing that was not intended to determine child support as that matter had already been established several months prior, the defendant ordered the plaintiff to leave the court and conducted a hearing for a matter that was not properly noticed and dramatically increased the plaintiff's child support payments in retaliation for the plaintiff exercising her rights under the Americans with Disabilities Act.

The defendant violated its duties to aid and encourage the plaintiff in exercising and enjoying certain rights under the Americans with Disabilities Act and has created a situation that has imposed a severe financial hardship upon the plaintiff where she has had to borrow money from others to avoid being incarcerated for failing to pay child support payments that are too high for her ability to pay.

The primary object of attention in cases brought under the ADA is whether entities covered under the ADA, such as the defendant, have complied with their obligations and whether discrimination has occurred, not whether the individual (plaintiff) meets the definition of "disability." The question of whether an individual meets the definition of "disability" does not demand extensive analysis.

-2-

## STATEMENTS OF FACT

Notice was given to respondent for a hearing regarding the matter of Matthew T. Waskey v. Jill N. Waskey for the date of April 21st 2021.

On this, the court was to conduct a child custody hearing, but instead of hearing the matter that was noticed, the court, Judge Monica H. Leslie, instead ordered the plaintiff to leave the courtroom because of her disability and then modified a child support order dated March 10th 2021 without proper notice that the purpose of the hearing was to modify such order and did so after ordering the respondent to leave the building.

The defendant substantially increased the child support payments for the plaintiff thereby creating a severe hardship condition where she has had to borrow money from third parties in order to prevent being incarcerated for failing to make these unfair child support payments.

The defendant discriminated against the plaintiff because of disability and prevented the plaintiff from participating in the hearing, in violation of Title II of the Americans with Disabilities Act.

Plaintiff had requested an order setting aside or vacating the child support modifications made on the date of May 11th 2021, because it was made without adequate notice and in violation of the Americans with Disabilities Act, and it was made *ex parte* whereby the defendant deliberately excluded the plaintiff from participating in the hearing and denied her equal access to the court.

The plaintiff received an order increasing her child support payments from $300 to $472 per month, applied retroactively to May 1, 2021, and the order was dated May 17th 2021, a true and correct copy of which is attached.

The plaintiff had requested an *ex parte* meeting with the defendant's designated representative (ADA coordinator) for requests and complaints made under the Americans with Disabilities Act and this was denied and ignored.

The defendant discriminated against and retaliated against the plaintiff who had expressed that she has a record of, and is regarded as, having disabilities that substantially limits her ability to engage in one ore more major life activities. Defendant's conduct and

failure to provide reasonable modifications or accommodations is in violation of Title II of the Americans with Disabilities Act (ADA).

Defendant has failed to ensure the accessibility of its premises located at the defendant's place of business, a public accommodation as defined under Title II of the Americans with Disabilities Act, and, as a result, plaintiff was prevented from enjoying the services, or taking advantage of the benefits offered by the defendant.

Such discrimination persists notwithstanding the existence of readily available, well-established, accommodations, that in fact would cost nothing to the defendant and for which any costs are expected to be settled in the normal and usual costs of operating a public facility.

The plaintiff has commenced this action based on reasonable cause to believe that defendant is engaged in a pattern or practice of discrimination and that the plaintiff has been discriminated against and that such discrimination raises issues of general public importance. 42 U.S.C. § 12188(b)(1)(B). The plaintiff seeks declaratory and injunctive relief, monetary damages, and civil penalties against defendant.

## ALLEGATIONS OF VIOLATIONS OF TITLE II OF

## THE AMERICANS WITH DISABILITIES ACT

The allegations contained in the preceding paragraphs are incorporated by reference.

Title II, subtitle A, of the ADA prohibits discrimination on the basis of disability in all services, programs, and activities provided to the public by State and local governments.

The defendant is a state or local government entity or public accommodation that has discriminated against the plaintiff on the basis of disability in all services, programs, and activities provided to the public.

Defendant has failed or refused to take the necessary steps to ensure that the plaintiff was not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services.

-4-

The defendant utilized standards or criteria or methods of administration that have the effect of discriminating on the basis of disability, or perpetuating the discrimination of the plaintiff when reasonable accommodations were within its administrative control.

The plaintiff is a victim of defendant's discriminatory conduct or actions and is an aggrieved persons within the meaning of 42 U.S.C. §§12131-12134.

The defendant has failed to adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging any action that would be prohibited by Part 35.107 of Title 28 of the Code of Federal Regulations.

As a result of Defendant's actions and/or omissions the plaintiff has experienced frustration, public humiliation, retaliation, intimidation, assault, arrest, incarceration, additional burden, and marginalization; and has been denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services.

In addition to unlawfully denying the plaintiff the same and equal access to the services, the defendant retaliated against the plaintiff by:

- failing or refusing to make reasonable modifications to accommodate the plaintiff's communications disability and other disabilities relating to respiration and language barriers that preclude or impair the plaintiff from understanding the terms used by the defendant and its employees; and,

- ignoring the plaintiff's efforts to express his disabilities and requests for reasonable modifications and retaliating against the plaintiff by intimidating and coercing the plaintiff, demanding that the plaintiff explain his disabilities in a public forum and then demanding he submit to the medical interventions and examinations and other health control measures that further exacerbate his ability to engage in major life activities; and,

- threatening the plaintiff with being falsely cited, arrested or incarcerated for unrelated crimes such as trespass or disorderly conduct while plaintiff was exercising exercising and enjoying his rights under the ADA which is a protected activity under 42 U.S.C. §12203 and 28 CFR Part 35.134(a) and (b); and,

- allowing other employees the attack, threaten or verbally ridicule and abuse the plaintiff while plaintiff was exercising exercising and enjoying his rights under the ADA

- 5 -

which is a protected activity under 42 U.S.C. §12203 and 28 CFR Part 35.134(a) and (b); and; and,

- threaten the plaintiff with public humiliation and exclusion because of his disability while plaintiff was exercising exercising and enjoying his rights under the ADA which is a protected activity under 42 U.S.C. §12203 and 28 CFR Part 35.134(a) and (b); and,

Furthermore, the defendant expresses the attitude toward the plaintiff as if the plaintiff is a direct threat to others, yet has never complied with the individual assessment criteria, to wit:

28 CFR Part 35.104:

"(b) In determining whether an individual poses a direct threat to the health or safety of others,

a public accommodation must make an **individualized assessment**,

based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence,

to ascertain: The nature, duration, and severity of the risk;

the probability that the potential injury will actually occur;

and whether reasonable modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk."

By the conduct set forth in the preceding paragraphs, there is reasonable cause to believe that Defendant has:

Engaged in a pattern or practice of discrimination, in violation of 42 U.S.C. §§12131-12134; and,

Discriminated against the plaintiff and other individuals with disabilities, and such discrimination raises an issue of general public importance, in violation of 42 U.S.C. §§12131-12134; and,

Defendant has failed to comply with 28 CFR Part 35.105 and make any evaluation of its services, polices or practices or make any modifications; and,

Defendant has failed to make available to applicants, participants, beneficiaries, and other interested persons such as the plaintiff, information regarding the provisions of 28 CFR Part 35.106 and its applicability to the services, programs, or activities of the defendant, and make such information available to the plaintiff in such manner as the head

of the defendant finds necessary to apprise the plaintiff of the protections against discrimination assured him by the Americans with Disabilities Act Act and this part (28 CFR 35.106).

Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff demands judgment against the defendant and that the court declare that Defendant's discriminatory actions and/or omissions as set forth in this Complaint violate Title II of the Americans with Disabilities Act; and,

an order enjoining the defendant, along with its officers, agents, and employees, and all others in active concert or participation with them, from:

Engaging in discriminatory acts and/or omissions against individuals with disabilities;

and an order enjoining the defendant from implementing practices and policies in a manner that is inaccessible to individuals with disabilities within the meaning of Title II of the Americans with Disabilities Act;

And ordering defendant to:

Comply with the requirements of Title II of the Americans with Disabilities Act;

Provide appropriate auxiliary aids and services; modify policies, practices, and procedures; and/or require alternative methods to ensure the accessibility of its premises and services to individuals with disabilities as required under Title II of the Americans with Disabilities Act;

Take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of the Defendant's discriminatory conduct to the position that he or she would have been in, but for the Defendant's conduct; and,

Take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct and to eliminate, to the extent practicable, the effects of such conduct; and,

Award monetary damages to the plaintiff, in an appropriate amount for injuries suffered as the result of Defendant's failure to comply with the requirements of Title II of the Americans with Disabilities Act;

Assess a civil penalty against the defendant in an amount authorized by Title II of the Americans with Disabilities Act to vindicate the public interest; and,

Order such other relief as the interests of justice may require.

DATED this 19 day of July 2021.

*/s/ Jill N. Waskey*
Jill N. Waskey, Plaintiff