IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00189-MR-WCM

| | | |
|---|---|---|
| JILL N. WASKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| MONICA H. LESLIE and FAMILY | ) | |
| COURT OF HAYWARD COUNTY, | ) | |
| NORTH CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1] and the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2].

**I.    STANDARD OF REVIEW**

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed

frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989).  While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios."  Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1), (2).  A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause

2

of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

## II. BACKGROUND

The Plaintiff Jill N. Waskey brings this action under Title II of the Americans with Disabilities Act ("ADA") against Judge Monica H. Leslie ("Judge Leslie") and the General Court of Justice, District Court Division, for Haywood County, North Carolina ("Haywood County District Court").[1] [Doc. 1]. Specifically, the Plaintiff alleges that she "is a qualified individual with a disability within the meaning of Title II of the ADA" and that she "has a physical or mental disability or impairment that substantially limits one or more major life activities…." [Id. at 2].

The Plaintiff alleges that on April 21, 2021, she appeared for a child custody hearing before Judge Leslie. The Plaintiff alleges that, instead of holding the scheduled child custody hearing, Judge Leslie ordered the Plaintiff "to leave the courtroom because of her disability" and then modified a previously entered child support order to substantially increase the child support payments owed by the Plaintiff. [Id. at 3].

---

[1] The Plaintiff erroneously identifies the state court defendant as the "Family Court of Hayward [sic] County, North Carolina."

The Plaintiff attaches Judge Leslie's order to her Complaint and incorporates it by reference.[2] [See id.; Doc. 1-2]. In the order, Judge Leslie makes the following findings of fact:

> That the Defendant, Jill N. Waskey, did not testify in this matter. Prior to the start of the hearing, Ms. Waskey appeared and refused to comply with the requirement that all individuals in the courthouse must wear a face-covering to ensure public health and safety. The Defendant, Jill N. Waskey, was informed of the requirement by the Court, and that not wearing the face-covering would require that she leave the courthouse. She presented no health or safety reason that would prevent her from complying. The Defendant, Jill N. Waskey, elected not to wear a face-covering and to leave prior to the start of the hearing.

[Doc. 1-2 at 3].

The Plaintiff seeks declaratory and injunctive relief, as well as an award of monetary damages. [Doc. 1 at 7].

## III. DISCUSSION

Title II of the ADA Act prohibits disability discrimination in the provision of public services.[3] 42 U.S.C. § 12132. A plaintiff seeking recovery for a

---

[2] The Court also may take judicial notice of Judge Leslie's order as a public record. See Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 397 (4th Cir. 2006).

[3] Title II of the ADA is applicable to the Haywood County District Court as a provider of public services. Fauconier v. Clarke, 966 F.3d 265, 280 (4th Cir. 2020) ("In enacting Title

violation of Title II must allege that "(1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005).

To establish the first element of a Title II claim, a plaintiff must allege that she (1) has "a physical or mental impairment that substantially limits one or more major life activities of such individual"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(1). Here, the Plaintiff alleges, in a conclusory fashion, only that she "is a qualified individual with a disability within the meaning of Title II of the ADA" and that she "has a physical or mental disability or impairment that substantially limits one or more major life activities…." [Doc. 1 at 2]. The Plaintiff does not specify what physical or mental disability or impairment that she claims substantially limits any of her life activities. Without any specific

---

II of the ADA, Congress made it specifically applicable to the States and state entities…."). Further, while States generally enjoy immunity under the Eleventh Amendment from private actions for damages, the Supreme Court has held that "insofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006).

5

allegations regarding the nature of her alleged impairment or disability, the Plaintiff has failed to plausibly allege that she is "disabled" within the meaning of the ADA.

To establish the third element, the Plaintiff must allege that she was excluded from participating in the April 21, 2021 hearing "on the basis of her disability." While the Plaintiff makes a conclusory allegation that she was ordered to leave the courtroom because of her unspecified disability [Doc. 1 at 3], the findings of fact set forth in Judge Leslie's order indicate otherwise. That order makes clear that the Plaintiff was informed of the court's face-covering requirement, and she was warned that not wearing a face-covering would require that she leave the courthouse. [Doc. 1-2 at 3]. Significantly, the Plaintiff did not present to Judge Leslie any health or safety reason that would have prevented her from complying with the court's face-covering requirement. [Id.]. Instead, the Plaintiff elected not to wear a face-covering and to leave the courthouse prior to the start of the proceeding. [Id.]. Under these circumstances, the Plaintiff has failed to plausibly allege that she was excluded from the court hearing "on the basis of her disability."

For all these reasons, the Court concludes that the Plaintiff has failed to state a claim for disability discrimination under Title II of the ADA. Thus,

the Complaint is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Before dismissing this action, however, the Court will allow the Plaintiff an opportunity to amend her Complaint to state a claim against the Defendants. The amended complaint must contain all of the Plaintiff's claims and allegations; piecemeal amendment of the Complaint will not be permitted.

The Plaintiff moves to proceed in this Court without the prepayment of fees or costs. [Doc. 2]. Upon review of the Plaintiff's Application, it appears that the Plaintiff has adequate resources with which to pay the required filing fee. Accordingly, the Court finds that the application should be denied. The Plaintiff shall have thirty (30) days from the entry of this Order within which to pay the required filing fee. Failure to pay the fee within the time required will likely result in the dismissal of this action without prejudice without further notice to the Plaintiff.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall have thirty (30) days in which to amend her Complaint in accordance with the terms of this Order. **If the Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.**

**IT IS FURTHER ORDERED** that that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **DENIED**, and the Plaintiff shall pay the required $402.00 filing fee within thirty (30) days of entry of this Order. **Failure to pay the required filing fee will likely result in the dismissal of this action without prejudice and without further notice to the Plaintiff.**

**IT IS SO ORDERED**.

Signed: July 27, 2021

Martin Reidinger
Chief United States District Judge