IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00189-MR-WCM

| | |
|---|---|
| JILL N. WASKEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MONICA H. LESLIE and ) <br> FAMILY COURT OF HAYWOOD ) <br> COUNTY, NORTH CAROLINA, ) <br> ) <br> Defendants. ) | ORDER |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Set Aside or Vacate Court's Unjust Order Denying Fee Waiver Application." [Doc. 6].

I. **PROCEDURAL BACKGROUND**

On July 22, 2021, the Plaintiff Jill N. Waskey ("Plaintiff") initiated this action against Judge Monica H. Leslie ("Judge Leslie") and the General Court of Justice, District Court Division, for Haywood County, North Carolina ("Haywood County District Court")[1] under Title II of the Americans with

---

[1] In her Complaint, the Plaintiff erroneously identifies the Haywood County District Court as the "Family Court of Hayward [sic] County, North Carolina." [Doc. 1].

Disabilities Act ("ADA"). [Doc. 1]. In her Complaint, the Plaintiff alleged that she "is a qualified individual with a disability within the meaning of Title II of the ADA" and that she "has a physical or mental disability or impairment that substantially limits one or more major life activities…." [Id. at 2]. The Plaintiff further alleged that, before a scheduled child custody hearing, Judge Leslie ordered the Plaintiff "to leave the courtroom because of her disability" and then modified a previously entered child support order to substantially increase the child support payments owed by the Plaintiff. [Id. at 3].

On July 22, 2021, the Plaintiff also submitted an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Doc. 2]. On July 28, 2021, this Court entered an Order denying the Plaintiff's Application. [Doc. 3 at 8]. Further, the Court concluded that the Complaint was subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Plaintiff failed to plead "specific allegations regarding the nature of her alleged impairment or disability," as is required to state a claim for disability discrimination under Title II of the ADA. [Id. at 6]. The Court gave the Plaintiff thirty (30) days to pay the required filing fee and to file an amended complaint. [Id. at 7-8]. The Plaintiff was warned that failure to pay the filing fee or to file an amended complaint would result in the dismissal of this action without prejudice. [Id.]. On September 9, 2021, this

2

Case 1:21-cv-00189-MR-WCM   Document 7   Filed 10/29/21   Page 2 of 5

Court entered an Order dismissing the Plaintiff's Complaint because the Plaintiff failed to pay the filing fee or to file an amended complaint. [Doc. 4].

The Plaintiff now moves [Doc. 6] to vacate this Court's July 28, 2021 Order, [Doc. 3], denying the Plaintiff's Application to proceed without prepaying fees.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from a final judgment, order, or proceeding under certain circumstances, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment or a judgment that has been satisfied, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The movant has the burden to establish the grounds set forth in the motion and such grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (quoting Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966)). Relief under Rule 60(b) is an "extraordinary remedy" to be applied only in "exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

## II.  DISCUSSION

The Plaintiff argues that the Court's Order denying the Plaintiff's Application to proceed without prepaying fees should be vacated because

3

this Court's Order was "not based upon her financial needs, but solely upon the merits of the cause of action," and "[t]his denial is made in further retaliation against the [P]laintiff." [Doc. 6 at 1].

The Plaintiff misreads the Court's Order. Under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) a district court must review *in forma pauperis* filings, like the Plaintiff's Complaint, and dismiss any "action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006). Whether a plaintiff's action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) is a determination that is separate from whether a plaintiff has adequate resources to prepay filing fees. Thus, the Court's July 28, 2020 Order includes two separate conclusions. First, the Court concluded that the Plaintiff failed to state a claim for disability discrimination under Title II of the ADA and warned that her action would be subject to dismissal if she failed to amend her Complaint. [Doc. 3 at 6]. Second, the Court separately concluded that "the Plaintiff has adequate resources with which to pay the required filing fee" and denied the Plaintiff's Application to proceed without prepaying fees. [Doc. 3 at 7]. The Court's decision to deny the Plaintiff's

Application rested solely on the financial information submitted by the Plaintiff,[2] not on the merits of the Plaintiff's lawsuit.

The Plaintiff's motion fails to demonstrate any entitlement to relief under Rule 60(b). The Plaintiff makes conclusory and unsupported assertions that the denial of her Application is improper and constitutes retaliation under the ADA. [Doc. 6 at 2]. However, the Plaintiff provides no factual support for why the Court's Order denying her Application should be vacated. As such, the Plaintiff is not entitled to relief.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion to Set Aside or Vacate Court's Unjust Order Denying Fee Waiver Application" [Doc. 6] is **DENIED.**

**IT IS SO ORDERED.**

Signed: October 28, 2021

Martin Reidinger
Chief United States District Judge

---

[2] In her Motion, the Plaintiff also asserts that the Court "published the [P]laintiff's financial condition in the public records of this [C]ourt for all to see…." [Doc. 6 at 2]. The Plaintiff misunderstands the Court's electronic filing system. The Plaintiff's Application, [Doc. 2], containing information about her financial condition is filed under seal and is viewable by only the Court and the parties to this action, not the public at large.